# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

---

**In Re:**

DARRELL M. CLARK,

      **Debtor.**

**Bankruptcy Case No. 05-42110**

---

### SUMMARY ORDER
---

      Debtor Darrell Clark filed a motion on November 7, 2005, seeking to avoid a judgment lien held by Creditor Susan Weaver. Docket No. 10. On January 11, 2006, the Court conducted an evidentiary hearing at which the parties appeared and presented evidence and testimony.[1] After careful consideration, the Court concludes that Debtor's motion should be granted, and that Creditor's lien may be avoided under 11 U.S.C. § 522(f)(1)(A) because it is a judicial lien that impairs Debtor's homestead exemption. The Court's findings, conclusions and analysis, and disposition follow. Fed. R. Bankr. P. 7052; 9014.

---

[1] Creditor appeared *pro se*.

SUMMARY ORDER - 1

Debtor hired Creditor, a licensed real estate salesperson, to find him a home. Debtor signed a "buyer's representation agreement" whereby he agreed to pay Creditor a commission if she found a home for him that he later purchased.[2] On September 1, 2004, Debtor purchased a new home that Creditor located in Idaho Falls for $129,000. Debtor obtained financing for $112,800. Creditor's commission was not paid, however, out of the funds at closing.

Creditor sued Debtor in state court seeking a judgment based upon the parties' agreement. Creditor received a judgment for $3,330 in damages that was later amended to $3,870. Exs. 3, B, and C.[3] Creditor recorded the original judgment on August 30, 2005. Ex. 2. Her judgment lien in the amount of $3,330 is junior in priority to a deed of trust held by First Horizon Home Loans. Ex. 2.[4]

Debtor filed for bankruptcy under Chapter 7 of the Bankruptcy Code on September 13, 2005. Docket No. 1. He claimed the maximum statutory exemption of $50,000 in his house under Idaho Code § 55-1003. Schedule C,

---

[2] The parties did not introduce a copy of the agreement into evidence, but the Court presumes that its terms guaranteed Creditor payment upon a commission basis.

[3] The amount of the amended judgment is equivalent to 3% of the sales price of the home.

[4] No evidence was submitted to show that Creditor ever recorded the amended judgment.

SUMMARY ORDER - 2

Docket No. 1. As of the petition date, Debtor still owed approximately $112,000 on the First Horizon deed of trust.

Debtor claims in his schedules that the value of his home is $129,000. Therefore, Debtor asserts, Creditor's lien impairs the exemption. *See* Schedule C, Docket No. 1. Debtor also presented a copy of his December 2005 tax assessment notice indicating an assessed value of $123,710, Ex. 4, and an appraisal report prepared by a licensed residential real estate appraiser dated September 30, 2004, valuing the residence at $144,000, Ex. 1.

Creditor, however, contends that Debtor's residence has appreciated substantially. She prepared a "Comparative Market Analysis" as of November 28, 2005, indicating that the home's value is $164,000. Ex. A.[5]

Section 522(f)(1)(A) provides that the debtor may avoid a "judicial lien" to the extent that the lien impairs an exemption. A judicial lien is defined as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). Creditor's lien is a judicial lien, since she obtained it by filing a lawsuit and recording the resulting judgment in the

---

[5] Although not material to this decision, the Court points out that real estate brokers licensed under Chapter 20, Title 54, Idaho Code are permitted to render a "broker's price opinion," while real estate appraisers prepare an "appraisal" pursuant to the authority granted them by Chapter 41, Title 54, Idaho Code. While both an appraisal and a broker's opinion give an opinion concerning the value of real estate, the purpose for each is different. *See* Idaho Code § 54-4104(1), (5).

SUMMARY ORDER - 3

real property records of Bonneville County.  *See In re Webb*, 03.1 I.B.C.R. 25, 25 (Bankr. D. Idaho 2003) (explaining the concept of a judicial lien).

A prerequisite to avoiding a lien under § 522(f)(1)(A) is a valid exemption.  *See In re Field*, 05.1 I.B.C.R. 11, 13 (Bankr. D. Idaho 2005).  Because Debtor's claim of exemption in his homestead was never challenged, it is therefore deemed allowed.  11 U.S.C. § 522(l).  The statutory maximum for an Idaho homestead exemption is $50,000.  Idaho Code § 55-1003.

To determine if a lien impairs an exemption, § 522(f)(2) employs a mathematical formula.  *See Milgard Tempering, Inc. v. Darosa* (*In re Darosa*), 318 B.R. 871, 876 (9th Cir. BAP 2004) (explaining application of the formula).  A judicial lien impairs an exemption "to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption . . . exceeds the value that the debtor's interest in the property would have in the absence of any liens."  11 U.S.C. § 522(f)(2)(A).  In this case, application of this formula requires the Court to determine the home's value.  "[F]or purposes of § 522(f) lien avoidance, the relevant valuation date is the date the petitioner filed for bankruptcy relief.  Section 522(a) provides: 'In this section [§ 522,] 'value' means fair market value as of the date of the filing of the petition.'"  *In re Webb*, 03.1 I.B.C.R. at 26 (quoting 11 U.S.C. § 522(a)).

SUMMARY ORDER - 4

Absent a sale, determining the value of real estate is, at best, an imprecise exercise. But in this case, the appraisal report prepared just over two weeks after Debtor filed his bankruptcy petition is persuasive evidence of the value of Debtor's residence at the time he filed for bankruptcy relief. In contrast, Creditor's valuation analysis is not only quite optimistic in the Court's view, it was prepared over one year post-petition, and even if accurate, is of little utility to the Court in fixing a value for purposes of § 522(f).

Applying the statutory formula, it is clear that Creditor's lien impairs Debtor's exemption claim in his homestead and is avoidable. The sum of the bank's lien ($112,000), the judgment lien ($3,330), and the homestead exemption ($50,000) exceeds the value of the residence as determined by the appraiser ($144,000) by over $20,000. *See Darosa*, 318 B.R. at 876, 881 (applying the formula, and observing that even though a literal application of § 522(f) may result in a windfall to the debtor, the court is not free to deviate from the statutory formula).[6] Debtor's motion should therefore be granted.

---

[6] As can be seen, even if the Court were to accept Creditor's opinion of value of Debtor's house, her lien would still impair Debtor's exemption. The sum of the totals due on the deed of trust, judgment lien and homestead exemption ($112,000 + $3,330 + $50,000 = $165,330) is $996 greater than Creditor's highest valuation of $164,344. While Creditor may feel the result here is unfair, it flows from Creditor's decision to extend Debtor credit on an unsecured basis. As the Court has observed, "[t]he ability to fully protect against future bankruptcy and the possibility of judicial lien avoidance under § 522(f) lies in the hands of the creditor." *In re Webb*, 03.1 I.B.C.R. at 26.

SUMMARY ORDER - 5

## ORDER

For the foregoing reasons, and for other good cause, **IT IS HEREBY ORDERED THAT** Debtor's Motion to Avoid Lien, Docket No. 10, be and is hereby **GRANTED** and Creditor's judgment lien on Debtor's homestead real property is hereby deemed **AVOIDED.**

Dated: February 28, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

SUMMARY ORDER - 6